**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>XINYUAN REAL ESTATE CO., LTD.,<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 25-10745-pb |

**SUPPLEMENTAL DECLARATION OF SHENG ZHANG IN FURTHER SUPPORT OF MOTION OF XINYUAN REAL ESTATE CO., LTD. FOR AN ORDER EXTENDING ITS TIME TO ANSWER OR MOVE AGAINST THE INVOLUNTARY PETITION**

I, SHENG ZHANG, hereby declare under penalty of perjury under the laws of the United States of America.

1. I am the Secretary of the Board for the alleged debtor, Xinyuan Real Estate Co., Ltd. ("*Xinyuan*"), and am familiar with this matter.

2. On April 14, 2025, Cithara Global Multi-Strategy SPC - Bosideng Industry Investment Fund SP, Mars Partner Limited, and Star Freight & Trading Co., Limited (collectively, cthe "*Petitioning Creditors*") filed an involuntary petition (the "*Involuntary Petition*") for relief under chapter 11 of the Bankruptcy Code against Xinyuan with the U.S. Bankruptcy Court for the Southern District of New York.

3. On May 30, 2025, Xinyuan filed a motion (the "*Motion*") [Docket No. 15] seeking the entry of an Order extending the time to file an answer or response to the involuntary petition. I submitted an affidavit (the "*First Affidavit*") sworn to on May 30, 2025 in support of the Motion.

4. I respectfully submit this Declaration in further support of the Motion and in support of Xinyuan's reply (the "*Reply*"), to be filed contemporaneously with my Declaration, to the objection filed by the Petitioning Creditors on June 9, 2025 [Docket No. 17] to the Motion. This declaration is based upon my own personal knowledge or upon information that I believe to be true, including the facts set forth in the Motion and in the Reply.

5. All capitalized terms not defined herein have the meaning ascribed to them in the Reply.

6. As explained in the Motion and my First Affidavit and as disclosed in public filings with the U.S. Securities and Exchange Commission, Xinyuan has been pursuing a debt restructuring to be implemented through a scheme of arrangement to be filed pursuant to section 86 of the Cayman Islands Companies Act (2025 Revision), which would restructure the January 2024 Senior Secured Notes held by the Petitioning Creditors, among other series of notes (collectively, the "*Scheme Notes*"). As of the date of the First Affidavit, holders of approximately 25% of the aggregate principal amount of the Scheme Notes (the "*Initial Consenting Creditors*") had signed a Restructuring Support Agreement (the "*RSA*"). (First Affidavit, ¶ 14.) In my First Affidavit, I stated that Xinyuan "expects to obtain an additional 30% very soon and eventually the 75% threshold required for approval of a scheme of arrangement in the Cayman Islands." (First Affidavit ¶ 14.)

7. As of the date of the Declaration, thirty-eight Scheme Creditors holding over 31.48% of the total aggregate principal amount of the Scheme Notes have signed the RSA.

8. On June 25, 2025, Xinyuan filed a petition, among other supporting documents, with the Grand Court of the Cayman Islands (the "*Cayman Court*") seeking approval of the proposed scheme of arrangement.

9. Throughout the Objection, the Petitioning Creditors allege that the Initial Consenting Creditors are "affiliates" of Xinyuan. This allegation is completely false. I'm not aware of any affiliation or other similar connection between Xinyuan or any of the Initial Consenting Creditors. The Petitioning Creditors do not explain why they believe the Initial Consenting Creditors are affiliates of Xinyuan or provide any specifics to support their allegations.

10. In any event, it is my understanding that the question of an affiliate relationship between the parties – to be clear Xinyuan is unaware of any such relationship – may be raised by the Petitioning Creditors before the Cayman Court in connection with the approval of the proposed scheme of arrangement.

11. In the First Affidavit, there was an inadvertent misquotation of Xinyuan's Form 20-F stating that the obligations under the indenture (the "*2024 Indenture*") governing the January 2024 Senior Secured Notes are guaranteed by Xinyuan and certain wholly-owned subsidiaries and are secured by a pledge of the capital stock of Xinyuan and certain wholly-owned subsidiaries. The obligations under the 2024 Indenture are not guaranteed by Xinyuan or secured by a pledge of its capital stock. The obligations are guaranteed solely by certain wholly-owned subsidiaries and are secured by a pledge of the capital stock of certain wholly-owned subsidiaries according to the Form 20-F (page 126) (including by Xinyuan Real Estate, Ltd. which is a different entity than the Alleged Debtor herein, Xinyuan Real Estate <u>*Co*</u>., Ltd).

*Remainder of Page Intentionally Blank*

*Signature Block on Following Page*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 9, 2025

_____
SHENG ZHANG