# ***Memorandum-Endorsed Order on Next Page***

April 27, 2026

*Via ECF*

Honorable Philip Bentley
Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004
pb.chambers@nysb.uscourts.gov

Re:      *In re: Xinyuan Real Estate Co., Ltd.*, Case No. 25-10745-pb

Dear Judge Bentley:

Petitioners and Alleged Debtor jointly submit this letter to request an informal video conference to discuss a discovery dispute and the parties' proposed compromise subject to the Court's approval of their resolution.

**Discovery Dispute**: Petitioners served discovery requests related to Alleged Debtor's Eighth Affirmative Defense that "the proceeding presently underway in the Cayman Islands involving Xinyuan will serve all creditors' interests better than the instant proceeding" and therefore "the Court should abstain from exercising its jurisdiction over the Petition" (the "Cayman Proceeding Discovery Requests").  Alleged Debtor objected to the Cayman Proceeding Discovery Requests because the Court denied Alleged Debtor's motion to dismiss on abstention grounds, so the requests are "not presently appropriate."  Petitioners disagreed with Alleged Debtor's position because Alleged Debtor reserved the right to renew its abstention motion and, therefore, Petitioners are entitled to discovery relevant to any potential renewed abstention motion and the Scheduling Order (ECF No. 47) does not provide for additional discovery in the future.

**Proposed Resolution**: The parties met and conferred twice concerning the Cayman Proceeding Discovery Requests and reached the following compromise, subject to the Court's approval: Petitioners will defer pursuing the Cayman Proceeding Discovery Requests subject to Alleged Debtor's agreement to provide such discovery (subject to Alleged Debtor's objections to certain discovery requests, which the parties will resolve by meet and confer if necessary) if it seeks to renew its abstention motion.  The parties respectfully request the Court's approval of this compromise as it involves potential discovery outside the discovery period included in the Scheduling Order.[1]

We thank the Court for its consideration.

Very truly yours,

---

[1] Petitioners further state that in the event that the Court does not endorse the parties' compromise, Petitioners will seek to compel Alleged Debtor to comply with the Cayman Proceeding Discovery Requests.

| | |
|---|---|
| WOLLMUTH MAHER & DEUTSCH LLP<br>*Attorneys for Petitioning Creditors* | WINDELS MARX LANE & MITTENDORF, LLP<br>*Attorneys for Xinyuan Real Estate Co., Ltd.* |

By:    */s/ Paul R. DeFilippo*
   Paul R. DeFilippo
   James N. Lawlor
   Ryan A. Kane
   Nicholas A. Servider
   500 Fifth Avenue
   New York, New York 10110
   Telephone: (212) 382-3300
   Facsimile: (973) 741-2398
   Email: pdefilippo@wmd-law.com
     jlawlor@wmd-law.com
     rkane@wmd-law.com
     nservider@wmd-law.com

By:    */s/ Eloy A. Peral*
   Alan Nisselson
   Eloy A. Peral
   Gabriel Altman
   156 West 56th Street
   New York, New York 10019
   Tel. (212) 237-1000 / Fax: (212) 262-1215
   Email: anisselson@windelsmarx.com
     eperal@windelsmarx.com
     galtman@windelsmarx.com

# ***Memorandum-Endorsed Order***

The parties' proposed resolution is hereby approved

SO ORDERED

Signed: New York, NY

April 28, 2026

                 /s/ Philip Bentley

                 U.S. Bankruptcy Judge

The parties' proposed resolution is approved.