### ***Memorandum-Endorsed Order on Last Page***

### WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

June 5, 2026

*Via ECF*
Honorable Philip Bentley
Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004
pb.chambers@nysb.uscourts.gov

> Re:   *In re: Xinyuan Real Estate Co., Ltd.*, Case No. 25-10745-pb

Dear Judge Bentley:

Petitioners write in response to the June 5, 2026 letter from Yong Zhang, Chairman of the Alleged Debtor, to Your Honor (a copy of which is attached to this letter for the Court's convenience) requesting an adjournment of his deposition that was scheduled to take place this morning after he previously cancelled it twice. While we hope Mr. Zhang makes a full recovery and returns to good health, the manner in which Mr. Zhang's deposition has been cancelled – three times with little notice – along with the June 11 deadline to submit pre-hearing brief significantly prejudices Petitioners as explained below. Accordingly, Petitioners request an informal video conference to discuss this discovery issue and Petitioners' requested relief.

**Issues scheduling Mr. Zhang's deposition**: Alleged Debtor has cancelled Mr. Zhang's deposition *three* times:

- On May 26, Alleged Debtor's counsel stated that Mr. Zhang was available for an in-person deposition in New York on Thursday, May 28. Alleged Debtor's counsel did not mention that Mr. Zhang was scheduled for a medical operation on May 28. We confirmed that we were available to depose Mr. Zhang on May 28, only to find out that Mr. Zhang was no longer available due to a medical procedure.

- The parties rescheduled Mr. Zhang's deposition for Monday, June 1. On Saturday evening, May 30, Alleged Debtor's counsel informed us that the deposition needed to be taken remotely given Mr. Zhang's recovery from his procedure. We made arrangements for a remote deposition that weekend only to find out Sunday night, May 31, that Mr. Zhang could not testify at all due to his medication.

- The parties rescheduled his deposition to today, Friday, June 5 at 10:30 a.m. At approximately 8:45 this morning, we learned that Mr. Zhang would not be appearing. We subsequently received a copy of Mr. Zhang's letter to the Court an hour later

requesting that his deposition be adjourned until after his medical appointment on June 9.

**Prejudice to Petitioners from the repeated cancellations**: The deadline to complete discovery is today, June 5. Except for Alleged Debtor's fact witnesses, all other discovery, including three depositions of Petitioners, has been completed. Mr. Zhang is the Chairman of Alleged Debtor, submitted a fact declaration in support of dismissal of the petition and the most critical witness we need to depose for the pre-hearing brief.[1] Petitioners have already been prejudiced by not being able to depose Mr. Zhang by today's fact discovery deadline. Petitioners will be further prejudiced if he is not available until after June 9 as that means Petitioners will not have sufficient time to incorporate his testimony into their brief or will have to depose Mr. Zhang after submitting the pre-hearing brief.

**Requested relief**: Notwithstanding our concerns regarding the manner in which Mr. Zhang's deposition has been cancelled, Petitioners are willing to schedule Mr. Zhang's deposition on June 10 as long as Petitioners' deadline for its pre-hearing brief is extended to June 15 (three business days after Mr. Zhang's deposition) and the remainder of the schedule, including the due date for Alleged Debtor's pre-hearing brief and the hearing, remains the same. Additionally, if Mr. Zhang fails to attend his deposition for a fourth time on June 10, Petitioners reserve their right to seek to strike his declaration, any future testimony or declarations, seek adverse inference rulings, and all other appropriate relief.

We note that there is no prejudice to the Alleged Debtor from the foregoing as they have already completed their depositions well in advance of the deadline.

Very truly yours,

---

[1] We are scheduled to take one other deposition of a director for the Alleged Debtor, but we expect that deposition to be of much more limited relevance. We requested the depositions of other employees of Alleged Debtor, including Sheng Zhang who submitted multiple declarations in this matter, but we were informed that those individuals would not be made available for deposition because they apparently no longer work for Alleged Debtor and are not under its control

WOLLMUTH MAHER & DEUTSCH LLP
*Attorneys for Petitioning Creditors*

By:    */s/ Paul R. DeFilippo*
      Paul R. DeFilippo
      James N. Lawlor
      Ryan A. Kane
      Nicholas A. Servider
      500 Fifth Avenue
      New York, New York 10110
      Telephone: (212) 382-3300
      Facsimile: (212) 382-0050
      Email: pdefilippo@wmd-law.com
            jlawlor@wmd-law.com
            rkane@wmd-law.com
            nservider@wmd-law.com

attachment
cc: Counsel of Record (by ECF)

### ***Memorandum-Endorsed Order***

Petitioners' request to extend the deadline to file their pre-trial brief to June 15, 2026 is granted; the schedule in this case otherwise remains unchanged. If Mr. Zhang fails to attend his deposition on June 10, 2026, the Court will entertain a motion for appropriate sanctions.

**SO ORDERED**

Dated: New York, New York
      June 8, 2026

/s/ *Philip Bentley*
_____
Hon. Philip Bentley
U.S. Bankruptcy Judge

3