**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Xinyuan Real Estate Co., Ltd | ) | Case No. 25-10745 (PB) |
| | ) | |
| Alleged Debtor. | ) | Re: ECF No. 75 |

# ORDER ALLOWING A VIDEOCONFERENCE EVIDENTIARY HEARING, WITNESSES AND INTERPRETER TO APPEAR BY VIDEOCONFERENCE AND GRANTING RELATED RELIEF

Upon the Notice of Presentment of Order Allowing a Videoconference Evidentiary Hearing, Witnesses and Interpreter to Appear by Videoconference and Granting Related Relief (the "Motion")[1] of Petitioning Creditors, pursuant to section 105(a) of the Bankruptcy Code and Federal Rule of Civil Procedure 43(a), made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, for entry of an order (this "Order") (i) the evidentiary hearing scheduled for July 8, 2026 at 9:00 a.m. Eastern Time (the "Hearing"), which will consist of testimony from Zhang Jun, the representative of Cithara Global Multi-Strategy SPC-Bosideng Industry Investment Fund SP, and Song Yan, the representative of Mars Partner Limited, to be conducted by videoconference, (ii) allowing Zhang Jun and Song Yan to appear and provide testimony at the Hearing via videoconference, (iii) allowing the Interpreter to appear via videoconference from the United States at the Hearing, and (iii) granting related relief; and due and proper notice of the Motion having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed; and the Court having determined that the requested relief is warranted; and after due deliberation, and sufficient cause appearing therefor,

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. Zhang Jun and Song Yan are permitted to appear and provide testimony at the Hearing via videoconference.

3. The Interpreter is permitted to appear at the Hearing via videoconference.

4. During the testimony of each remote witness, no person other than counsel may be present in the room from which the remote witness is testifying, and the witness may not have in the room any documents except his or her declaration and any exhibits that parties have submitted to the Court, with no notes or other annotations added to any such document. From the beginning to the end of each remote witness's testimony, including during any breaks in the testimony, the remote witness shall not communicate with counsel or anyone else about his or her testimony, including by email or text, unless authorized to do so by the Court. Each remote witness shall be sworn in over Zoom, and such testimony will have the same effect as if the remote witness was sworn in person in open court.

5. Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 1018, 3020(e), 6004(h), 7062 and 9014, (i) this Order shall be effective immediately and enforceable upon its entry, (ii) the Alleged Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief

granted in this Order and (iii) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: New York, New York
July 1, 2026

/s/ *Philip Bentley*
Honorable Philip Bentley
United States Bankruptcy Judge